UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN R. LILLEY,             Case No. 1:10-cv-228

    Plaintiff,                            Beckwith, J.
                                        Bowman, M.J.

    v.

HON. DAVID SUNDERLAND, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

**I. Background**

Plaintiff, proceeding *pro se*, initiated this action by filing a complaint on April 9, 2010 against two state court judges and a magistrate sitting in the Warren County Court of Common Pleas: Judge Michael E. Powell of the Probate Division, Judge Sunderland, sitting by designation, and Magistrate Brenda N. Dunlap.[1]  Plaintiff's 31 page complaint sets forth in 172 numbered paragraphs multiple claims arising from several state court cases -both concluded and still pending in Warren County - concerning the probate of his parents' estates.

Soon after filing his complaint, Plaintiff filed an "emergency motion" for a stay of state court proceedings, and for a restraining order to prevent Judge Sunderland from continuing to preside over the then-pending cases in state court. (Doc. 7).  On May 7, 2010, the presiding district judge denied Plaintiff's motion to stay and for a restraining

---

[1]Pursuant to the general practice of this court, this case has been referred to the undersigned magistrate judge.  *See* 28 U.S.C. §636(b).

order. (Doc. 10). Noting that Plaintiff was seeking relief in the nature of a preliminary injunction against Judge Sunderland, Judge Beckwith held that Plaintiff had little likelihood of achieving success on the merits of his federal case, in part because "[t]he judicial immunity doctrine, as modified by the 1996 Federal Courts Improvement Act, bars plaintiff's claims for injunctive relief." (*Id.* at 5).

On April 23, 2010, Defendants Powell and Dunlap filed a motion to dismiss the complaint against them (Doc. 6), and on May 5, 2010, Defendant Sunderland also filed a motion to dismiss (Doc. 8). Both motions to dismiss raise the judicial immunity doctrine, as well as the *Rooker-Feldman* doctrine and several other defenses. Plaintiff filed no timely responses to either of the two motions. On October 22, 2010, Plaintiff was directed to show cause why the motions should not be granted, based in part on his failure to respond. (Doc. 11). Plaintiff failed to make any timely response to the "show cause" order.

**II. Analysis**

As set forth in the motions to dismiss, and as previously discussed in part by Judge Beckwith, all of Plaintiff's claims against Judge Sunderland and Judge Powell are barred by the doctrine of judicial immunity. That doctrine bars claims for money damages as well as Plaintiff's claims for injunctive and declaratory relief in this case. *See generally Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213 (1967).

In addition to the doctrine of judicial immunity as to Judges Sunderland and Powell, all three defendants correctly note that this court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. Under 28 U.S.C. §1257, final judgments of state

courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions. Instead, a review of state court determinations may be obtained only by filing a petition for writ of certiorari in the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment; precisely the type of case that Plaintiff Lilley attempts to bring in this instance.

Defendants Powell and Dunlap also point out, again correctly, that Plaintiff's claims appear to be time-barred from the face of his complaint. Claims brought under §1983 in Ohio are governed by a two-year statute of limitations. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995). However, the allegations against Defendants Powell and Dunlap stem from the probate of Plaintiff's parents' estates in 2003. Plaintiff alleges that Judge Powell issued his final order closing the probate estates in July and August of 2007. (Doc. 1, ¶¶33, 47, 51). Because Plaintiff did not initiate this litigation until more than two years later, in April of 2010, his claims against Powell and Dunlap are time-barred.

Each of the two motions filed by the respective Defendants is lengthy and contains additional well-supported arguments. However, because the above analysis provides more than ample authority for the dismissal of Plaintiff's complaint against all three defendants, I will not expend further judicial resources to review additional grounds supporting the same relief.

Only one item deserves further mention - Plaintiff's failure to keep the court apprised

3

of his current address. The order directing Plaintiff to show cause, though sent by certified mail, was returned as undeliverable. Thus, it is clear that in addition to failing to state a claim against any of the named Defendants, Plaintiff has failed to comply with one of the most fundamental requirements for prosecuting litigation. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir.1991) (explaining that a *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994)(explaining that a *pro se* litigant has a duty to supply the court with notice of any and all changes in his address).

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** Defendants' respective motions to dismiss (Docs. 6, 8) be **GRANTED**, and that this case be closed and stricken from the active docket.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN R. LILLEY,                      Case No. 1:10-cv-228

    Plaintiff,                             Beckwith, J.
                                            Bowman, M.J.

   v.

HON. DAVID SUNDERLAND, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5